09-3764-cv
Vargas v. Wughalter

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of June, two thousand ten.

PRESENT:   JON O. NEWMAN,
              CHESTER J. STRAUB,
              REENA RAGGI,
                    *Circuit Judges*.

-----------------------------------------------------------------------------------

HECTOR VARGAS,
                  *Plaintiff-Appellant*,

ALEJANDRINA VARGAS,
                  *Plaintiff*,*

          v.                            No. 09-3764-cv

ERIC WUGHALTER, TOM TORRES, MARTIN BLUM, S.W. MANAGEMENT LLC, STANLEY WASSERMAN, LAW FIRM OF ROGERS, WUGHALTER AND KAUFMAN, 2727 REALTY, LLC, 2727 UNIVERSITY AVENUE LLC, CITY OF NEW YORK, CITY MARSHAL THOMAS J. BIA, JUDGE JULIA I. RODRIGUEZ, SG2 MANAGEMENT, LLC,
                  *Defendants-Appellees*.

-----------------------------------------------------------------------------------

---

    * Alejandrina Vargas is not a party before this court because she did not file a notice of appeal. See Fed. R. App. P. 3(c)(1) (requiring notice to "specify the party or parties taking the appeal"). In any event, like the district court, we would conclude that Hector Vargas's allegations do not pertain to her.

APPEARING FOR APPELLANT:    HECTOR VARGAS, *pro se*, New York, New York.

APPEARING FOR APPELLEES:    HOWARD ROTHSCHILD (Robert A. Sparer, Daniel W. Morris, Clifton, Budd & DeMaria, LLP, *on the brief*), New York, New York, *for Tom Torres, Martin Blum, S.W. Management LLC, Stanley Wasserman, and 2727 Realty LLC.*

Patrick J. Walsh, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, *on the brief*), *for* Andrew M. Cuomo, Attorney General of the State of New York, New York, New York, *for Judge Julia I. Rodriguez.*

Kenneth D. Litwack, Bayside, New York, *for City Marshal Thomas J. Bia.*

Appeal from the United States District Court for the Southern District of New York (Denny Chin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 4, 2009, is AFFIRMED.

Pro se plaintiff Hector Vargas sued defendants for, inter alia, conspiring to deprive him of various constitutional and contractual rights. He now appeals from the dismissal of his complaint for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the dismissal of a complaint de novo, "accepting all factual allegations as true, but giving no effect to legal conclusions couched as factual allegations." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (internal quotation marks omitted). Although we liberally construe Vargas's pro se complaint, see Triestman v. Fed. Bureau of

2

Prisons, 470 F.3d 471, 474 (2d Cir. 2006), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (applying Iqbal and Twombly to pro se complaint). Our de novo review of the record confirms that Vargas's complaint failed to meet this standard. We therefore affirm the judgment of the district court substantially for the reasons stated in its thorough and well-reasoned decision.

We have considered Vargas's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

We have also considered the motion by defendants 2727 Realty LLC, Stanley Wasserman, S.W. Management LLC, Martin Blum, and Tom Torres for an injunction precluding future litigation by Vargas without his first obtaining this court's approval. Although we DENY defendants' motion to impose a sanction today, we warn Vargas that filing future meritless appeals may lead to the imposition of monetary sanctions and/or leave-to-file requirements in this court. See In re Martin-Trigona, 9 F.3d 226, 229 (2d Cir. 1993).

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court